UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

DANIEL J. GREENE, EXECUTIVE          )
DIRECTOR of the NEW ENGLAND          )
TEAMSTERS PENSION FUND,              )
                                     )
                    Plaintiff,       )
                                     )          Civil Action No. 14-14224-PBS
v.                                   )
                                     )
J. TARTAGLIA TRUCKING, INC.,         )
TARTAGLIA TRUCKING CO., INC.,        )
and TRI CITY PETROLEUM,              )
                                     )
                    Defendants.      )
_____)

ORDER ON PLAINTIFF'S MOTION FOR SUPPLEMENTARY
PROCESS PROCEEDINGS PURSUANT TO
FED. R. CIV. P. 69 AND M.G.L. c. 224, § 14[1]
[Docket No. 89]

February 27, 2026

Boal, M.J.

On March 1, 2017, Judge Saris entered judgment in favor of plaintiff Daniel J. Greene[2]

against defendants J. Tartaglia Trucking, Inc., Tartaglia Trucking Co., Inc., and Tri City

Petroleum.  Docket No. 80.  The judgment awarded the following:  (1) $544,308 in withdrawal

liability; (2) interest on the withdrawal liability in the amount of $87,890.64; (3) $108,861.60 in

liquidated damages; and (4) $47,541.28 in attorneys' fees and costs.  Id.  The total award of

---

[1] On February 2, 2026, Judge Patti B. Saris referred this motion to the undersigned.  Docket No.
90.

[2] On November 13, 2025, Judge Saris granted Plaintiff's motion to substitute Daniel J. Greene
for Edward F. Groden as the plaintiff's Executive Director.  Docket Nos. 86, 88.

$788,601.52 began to accrue post-judgment interest at the statutory rate from the judgment's date of entry.  Id.

According to Greene, Defendants have made no effort to satisfy the judgment.  Docket No. 89 at 1-2.  Greene asserts that despite serving post-judgment interrogatories and requests for production (and filing an order to compel the same), Defendants provided only "incomplete responses."  Id.  Greene further claims that after several attempts to secure the missing documents and supplemental responses, Defendants have ignored all further inquiries and refused to engage in good faith efforts to confer and schedule depositions.  Id. at 2.  Greene now asks this court to issue a summons for J. Tartaglia Trucking, Inc., and Tartaglia Trucking Co., Inc., to appear in court for examination of their assets, property, and ability to pay the judgment. Defendants have not opposed the motion.  For the following reasons, this Court grants the motion.[3]

Rule 69(a)(2) of the Federal Rules of Civil Procedure permits a judgment creditor to "obtain discovery from any person – including the judgment debtor."  Fed. R. Civ. P. 69(a)(2).  "The rules governing discovery in postjudgment execution proceedings are quite permissive," Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014), and "[l]iberal discovery is afforded to judgment creditors" under Rule 69, ClearOne Commc'ns. Inc. v. Chiang, 276

---

[3] Post-judgment motions may be referred to magistrate judges pursuant to 28 U.S.C. § 636(b)(3). See Conetta v. Nat'l Hair Care Centers, Inc., 236 F.3d 67, 74 (1st Cir. 2001).  A de novo standard of review is generally applied to rulings on matters referred to magistrate judges under 28 U.S.C. § 636(b)(3).  See id. However, courts have treated motions for post-judgment discovery as analogous to non-dispositive pretrial discovery dispositions and, therefore, issued orders in such matters rather than report and recommendations.  See, e.g., In re Classic Mare Lease Litig., No. MDL 1877, 2017 WL 27455, at *7, n. 19 (E.D. Ky. Jan. 3, 2017); Fuddruckers, Inc. v. KCOB I, LLC, 31 F. Supp. 2d 1274, 1276, n. 1 (D. Kan. 1998).  Accordingly, this Court issues an order in this matter.  Regardless of the standard of review, a party objecting to this order must file an objection within fourteen days of service of the order.  Failure to object waives a party's right to review.

F.R.D. 402, 404 (D. Mass. 2011) (internal quotation omitted).  The "presumption is in favor of

'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets

and otherwise to enforce its judgment.'"  Id. (citation omitted).  Thus, Greene is entitled to

discovery to determine the location and value of Defendants' assets in aid of execution.

In addition, Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs
> otherwise.  The procedure on execution – and in proceedings supplementary to and
> in aid of judgment or execution – must accord with the procedure of the state where
> the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).  Courts "consistently read Rule 69(a) as limiting all federal process on

money judgments to the type of process available under state law."  Aetna Cas. & Sur. Co. v.

Markarian, 114 F.3d 346, 350 (1st Cir. 1997) (quoting Gabovitch v. Lundy, 584 F.2d 559, 561

(1st Cir. 1978)).

Pursuant to M.G.L. c. 224, § 14:

> A judgment creditor . . . may file in court an application for supplementary process
> under this chapter.  Upon the filing of such an application, a summons may issue,
> requiring the judgment debtor to appear at a time and place named therein and
> submit to an examination relative to his or its property and ability to pay.

Id.  Thus, the Court will issue an order for examination of Defendants.  Greene shall cause the

order together with a copy of Greene's Post-Judgment Interrogatories and Request for Production

of Documents to be served upon Defendants by an officer qualified to serve civil process by

delivering it to an officer, managing or general agent, or to the person in charge of the business at

the principal place of business, or by delivering the documents to any other agent authorized to

receive service of process.  This service shall be completed on or before March 13, 2026.

SO ORDERED.                              /s/ Jennifer C. Boal

                                        JENNIFER C. BOAL
                                        UNITED STATES MAGISTRATE JUDGE